COMMONWEALTH of Kentucky,
Appellant

v.

Ronnie Lamont SEARIGHT, Appellee.

No. 2012–SC–000007–DG.

Supreme Court of Kentucky.

Feb. 20, 2014.

Jack Conway, Attorney General of Kentucky, Heather Michelle Fryman, Assistant Attorney General, Counsel for Appellant.

Brian Thomas Ruff, Melinda Brooke Buchanan, Assistant Public Advocate, Counsel for Appellee.

Opinion of the Court by Chief Justice MINTON.

Deciding a motion for relief from a judgment under Kentucky Rules of Criminal Procedure (RCr) 11.42 for ineffective assistance of trial counsel requires the trial court to conduct an evidentiary hearing only when there is "a material issue of fact that cannot be determined on the face of the record."[1] And this Court has consistently held that a hearing is not necessary when a trial court can resolve issues on the basis of the record or when "it determine[s] that the allegations, even if true, would not be sufficient to invalidate [the] convictions."[2]

We granted discretionary review to determine whether the Court of Appeals erred by vacating the trial court's denial of Ronnie Lamont Searight's RCr 11.42 motion because the trial court failed to conduct an evidentiary hearing. The Court of Appeals focused its analysis on whether an evidentiary hearing was needed to determine if Searight's trial counsel's alleged errors at trial constituted unprofessional performance or mere trial strategy. In doing so, the Court of Appeals ignored the trial court's ultimate ruling: The RCr 11.42 motion failed because Searight was not prejudiced by any errors of trial counsel regardless of whether those errors amounted to unprofessional performance.

We depart from the analysis of the Court of Appeals in this case and instead focus on the trial court's analysis of prejudice to Searight. Our precedent clearly establishes that the RCr 11.42 movant must carry the burden of proving both unprofessional performance and prejudice in order to succeed with an ineffective assistance of counsel argument.[3] After an-

---

1. *Wilson v. Commonwealth,* 975 S.W.2d 901, 904 (Ky.1998).

2. *Id.*

3. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable."); *Bell v. Cone,* 535 U.S. 685, 695, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) ("Without proof of both deficient performance and prejudice to the defense, ... the sentence or conviction should stand."); *see also Gall v. Commonwealth,* 702 S.W.2d 37, 40 (Ky.1985) ("In our opinion[,] Gall has failed to prove either prong of the *Strickland* test, much less both prongs as that test requires."); *Brewster v. Commonwealth,* 723 S.W.2d 863, 864–65 (Ky.App.1986) ("The trial court is permitted to examine the question of prejudice *before* it determines whether

alyzing the record, we hold that the trial court properly denied Searight's RCr 11.42 motion on prejudice grounds without a hearing; and the Court of Appeals erred by vacating the order and remanding for an evidentiary hearing to determine trial strategy.

## I. FACTUAL AND PROCEDURAL HISTORY.

Four months after Searight was released on parole, Sergeant Clay Combs witnessed him leaning into a vehicle that was stopped in the road impeding traffic. Sergeant Combs believed he saw Searight withdraw his hand holding a small object. Suspecting he had just witnessed a drug transaction, Sergeant Combs activated his emergency lights and called to Searight. Searight fled when he saw Sergeant Combs, who chased Searight through parking lots and over fences before losing sight of him. Searight was eventually found hiding in a garbage can. He was arrested and searched.

The initial search of Searight following his arrest was performed by Officer Justin Burnette. The search disclosed no contraband or weapons. Searight was then placed in the back of Officer Burnette's squad car, which had been detailed and vacuumed earlier that day. Searight was the only person in the backseat of Officer Burnette's squad car since it had been cleaned. While Searight was in the backseat, the officers noticed him squirming in an unusual manner, arousing suspicion. The officers removed Searight from the squad car to search him again. When he exited the vehicle, the officers saw a bag containing what was later identified as 683 milligrams of cocaine laying on the seat where Searight had been sitting. Searight immediately denied the bag was his.

The grand jury indicted Searight on four counts: (1) first-degree possession of a controlled substance, (2) first-degree fleeing or evading police, (3) third-degree criminal mischief, and (4) first-degree persistent felony offender. At trial, the jury convicted Searight on all counts except criminal mischief, which the Court dismissed during trial upon the Commonwealth's motion.

After the jury's verdict convicting him of all remaining charges, Searight waived jury-sentencing on the misdemeanor fleeing or evading conviction and accepted the Commonwealth's recommendation of a twelve-month sentence on that charge. But the sentencing phase proceeded on the felony possession conviction and the PFO charge. The jury recommended a five-year sentence on the possession conviction, which it enhanced to twenty years based on its finding Searight a PFO. The trial court entered a judgment consistent with the jury's recommendation, running the misdemeanor sentence concurrent, as agreed.

Searight then appealed to this Court,[4] which affirmed the judgment in an unpublished opinion.[5] After his unsuccessful appeal, Searight filed an RCr 11.42 motion seeking relief from the judgment by alleging ineffective assistance of trial counsel.

Searight alleged a long list of errors made by his trial counsel, but the trial court found that he was not prejudiced by any of the alleged errors and denied his RCr 11.42 motion without an evidentiary hearing. Searight appealed to the Court of Appeals, limiting his allegations to two

---

there have been errors in counsel's performance.").

4. Ky. Const. § 110(2)(b).

5. *Searight v. Commonwealth*, No. 2008–SC–000051–MR, 2009 WL 1108862 (Ky. April 23, 2009).

errors committed by his trial counsel. The Court of Appeals reversed the trial court's denial of Searight's RCr 11.42 motion because it determined that Searight's allegations of ineffective assistance of trial counsel were not clearly refuted by the record. As a result, the Court of Appeals remanded the case to the trial court for a hearing to determine whether the trial counsel's conduct was the result of deficient performance or trial strategy.

The Commonwealth appealed, and we granted discretionary review.

## II.  ANALYSIS.

■  The Supreme Court of the United States announced the prevailing ineffective assistance of counsel analysis in *Strickland v. Washington.* Under *Strickland,* as first recognized by this Court in *Gall v. Commonwealth,* a party seeking RCr 11.42 relief for ineffective assistance of counsel has the burden of proving (1) "that counsel's performance was deficient"[6] and (2) "that the deficient performance prejudiced the defense."[7]

■  Counsel's performance is deficient when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[8]  That being said, the proper inquiry when assessing an ineffective assistance of counsel claim is whether the "counsel's representation fell below an objective standard of reasonableness."[9] In this reasonableness analysis, we are directed to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"[10] because, given the surrounding circumstances, "the challenged action 'might be considered sound trial strategy.'"[11] We employ this presumption to prevent the "harsh light of hindsight" from distorting counsel's act or omission, making it appear unreasonable.[12]

■  A defendant is prejudiced by counsel's deficient performance when the "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable."[13]  Prejudice is found under this standard when the defendant has shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[14]  This reasonable probability is a probability "sufficient to undermine confidence in the outcome."[15]

The Commonwealth argues that the Court of Appeals erred in reversing the trial court's denial of Searight's RCr 11.42 motion and remanding for an evidentiary hearing to analyze whether Searight met his burden under the deficiency prong of the *Strickland* test. The Commonwealth argues that this is error because the trial court had already determined there was no prejudice, causing Searight's ineffective assistance of counsel claim to fail regardless of the outcome of a hearing pertaining to the deficiency prong.

6.  *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052 .

7.  *Id.*

8.  *Id.*

9.  *Id.* at 688, 104 S.Ct. 2052.

10.  *Id.* at 689, 104 S.Ct. 2052.

11.  *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

12.  *Bell,* 535 U.S. at 702, 122 S.Ct. 1843 (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052).

13.  *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

14.  *Id.* at 694, 104 S.Ct. 2052.

15.  *Id.*

■ An evidentiary hearing under RCr 11.42(5) is required only when there is "a material issue of fact that cannot be determined on the face of the record."[16] This Court has consistently held that a hearing is not necessary when a trial court is able to resolve issues on the basis of the record or when "it determine[s] that the allegations, even if true, would not be sufficient to invalidate [the] convictions."[17] Because no evidentiary hearing was held in this instance, our review is limited to determining "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction."[18]

■ The Court of Appeals focused its analysis on whether a hearing was necessary to determine if the alleged unprofessional errors of Searight's trial counsel were deficient performance or mere trial strategy. In doing so, the Court of Appeals ignored the trial court's ultimate ruling: Searight's RCr 11.42 motion failed the *Strickland* test because he was not prejudiced as a result of any errors whether those errors amounted to deficient performance or not. We depart from the analysis of the Court of Appeals in this regard and instead focus on the trial court's analysis of the prejudice prong of *Strickland*. The *Strickland* test requires the movant to carry the burden of meeting both prongs in order to succeed with an ineffective assistance of counsel argument.[19] Therefore, as the Commonwealth has correctly argued, if the trial court properly denied Searight's RCr 11.42 motion on prejudice grounds without a hearing, then the Court

of Appeals erred in ordering a nugatory hearing to determine trial strategy.

On appeal to this Court, as well as the Court of Appeals, Searight's ineffective assistance of counsel claim hinged upon two distinct instances, one during the guilt phase, and the other during the sentencing phase. Searight argues that his attorney ineffectively assisted him during the guilt phase of his trial by failing to call Gail Tussie as a witness. He also avers that his trial counsel's performance was deficient during the sentencing phase by failing to present mitigation testimony by Searight and his mother. We will discuss each allegation in turn.

## A. The Record Clearly Refutes Searight's Argument that he was Prejudiced by his Counsel's Failure to Call Gail Tussie as a Witness.

Gail Tussie was driving the vehicle that was impeding traffic when Sergeant Combs witnessed what he suspected was Searight engaging in an illicit drug transaction with someone in the vehicle. The only passenger in Tussie's vehicle was Samantha McKinney, who is Tussie's daughter and was Searight's girlfriend at the time.

At Searight's trial, in an attempt to show that the cocaine found in the backseat of the squad car was not his, both Searight and McKinney testified that no drug transaction took place when Searight leaned into the car. In his RCr 11.42 motion, however, Searight argues that Tussie should have been called to testify that there was no drug transaction. Searight argues that Tussie would have made a better witness because the jury would

16. *Wilson,* 975 S.W.2d at 904.

17. *Id.*

18. *Lewis v. Commonwealth,* 411 S.W.2d 321, 322 (Ky.1967); *see also Commonwealth v. Davis,* 14 S.W.3d 9, 11 (Ky.1999).

19. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Bell,* 535 U.S. at 695, 122 S.Ct. 1843; *see also Gall,* 702 S.W.2d at 40; *Brewster,* 723 S.W.2d at 864–65.

have found her to be a neutral party, more credible and persuasive than McKinney and Searight.

■ The trial court found that Searight was not prejudiced by his counsel's failure to call Tussie to testify for multiple reasons. First, assuming the content of Tussie's testimony to be consistent with Searight's allegations, the trial court found that the testimony Tussie would have provided was cumulative of that provided at trial by Searight and McKinney.[20] Next, the trial court found that Tussie could not be the neutral, credible party Searight claimed her to be. Again, assuming Searight's proffer to be a true representation of Tussie's testimony, her testimony that no one in the vehicle engaged in a drug transaction with Searight is the very definition of self-serving testimony. This testimony would clearly be seen as protecting her daughter and herself from being implicated in the trafficking or purchase of illegal drugs, and Tussie's credibility would be just as vulnerable to cross-examination as Searight's and McKinney's. Lastly, and perhaps most damning to Searight's prejudice argument, the trial court found that the content of her testimony would be largely irrelevant to the jury's assessment of whether Searight was in possession of the illegal substance. Mere testimony that a drug transaction did not take place between Searight and anyone in Tussie's vehicle does not require a finding that Searight was not in possession of illegal drugs. In fact, without a proper foundation— which Searight does not allege—any testimony by Tussie regarding what was in Searight's possession would be nothing more than speculation.

■ The record conclusively refutes Searight's argument that Tussie would have been viewed as a neutral, credible witness by the jury. The record also conclusively shows that Tussie's testimony would have been cumulative and only marginally relevant. As a result, we find that the record conclusively refutes Searight's claim that he was prejudiced by his counsel's failure to call Tussie to testify.[21]

## B. Even if True, the Mitigation Testimony Proffered by Searight is Insufficient to Undermine Confidence in the Outcome of his Sentencing.

Searight also argues that the trial court improperly found that he was not preju-

---

**20.** After assuming Searight's allegations regarding the content of Tussie's testimony to be true, the trial court acknowledged that it "ha[d] no way of knowing exactly what [Tussie] would have said at trial even if called" because the motion contained no affidavit signed by Tussie. On appeal to this Court, Searight latches onto this language and argues that because the trial court admitted to not knowing the exact content of Tussie's testimony, the issue cannot be decided from the face of the record and an evidentiary hearing is necessary. We decline to allow defendants who support RCr. 11.42 motions with only vague allegations as to what testimony witnesses would have provided to benefit from their self-created ambiguity by granting them entitlement to an evidentiary hearing that they would otherwise not be entitled to upon their simple argument that the exact content of the suggested witness's testimony is unknown to the court. Further, allowing defendants to create their own entitlement to an evidentiary hearing through artful pleading would circumvent and nullify RCr. 11.42(5)'s limitation on when evidentiary hearings are mandated. See RCr. 11.42(5). We cannot endorse such a result and must reject Searight's attempt to do so here.

**21.** Even if prejudice could be found in this situation, this Court has previously held that mere accusations that a witness not called at trial would have been more credible than one presented at trial, absent some compelling circumstances that are not present here, is insufficient to overcome the presumption that trial counsel was effective. See Bowling v. Commonwealth, 80 S.W.3d 405, 412 (Ky. 2002). As a result, Searight's ineffective assistance of counsel claim fails both the deficiency and prejudice prongs.

diced by his attorney's failure to call him or his mother to provide mitigation testimony during the sentencing phase. He argues that his mother would have provided testimony explaining his difficult childhood and his behavior as a father to his sixteen-year-old daughter. He also claims that he would have testified to his certification as a stone mason and his employment history. The trial court, however, found that the evidence presented by the Commonwealth pertaining to Searight's criminal history was more compelling and outweighed the potential mitigating evidence that could have been put on by Searight.

■ We cannot say that the record conclusively refutes the allegations made in Searight's RCr 11.42 motion regarding the content of the proffered mitigation evidence. In fact, the record supports a finding that Searight's RCr 11.42 motion accurately reflects the content of any mitigation testimony that would have been given by Searight and his mother. Notwithstanding the commendable accuracy of Searight's motion, we do agree with the trial court that even if these allegations were true, Searight was not prejudiced by his counsel's failure to present mitigation testimony because it would not have been sufficient to invalidate his sentence.

The record reveals Searight has an extensive criminal history, including felony convictions in 2005, 1996, and 1993. The record is also clear that Searight had been paroled four months before his arrest and was, in fact, still on parole at the time of his arrest. Weighing this evidence against the evidence that Searight's RCr 11.42 motion avers should have been introduced on his behalf at sentencing, the trial court determined that Searight's criminal record and the circumstances surrounding his current conviction outweighed even the most compelling and persuasive testimony that could have been provided by Searight and his mother.

We also note that the trial court had more intimate knowledge of the mitigation testimony that Searight and his mother would have provided beyond what is contained in Searight's RCr 11.42 motion. Following Searight's conviction but before the sentencing hearing, the trial court received, and the record on appeal contains, letters addressed to the trial judge. These letters were written by Searight and his mother and contain pleas for leniency and describe Searight's hope of overcoming his drug addiction. We do not insinuate that these letters exhaust the entire testimony that would have been presented had Searight and his mother testified in the sentencing phase of the trial, they are nonetheless indicative of the nature of the pleas for leniency that any mitigation evidence would have contained.

The trial court clearly was not persuaded by these pre-sentencing appeals for leniency, because it imposed the maximum term of imprisonment, which was consistent with the jury's recommendation. When Searight's RCr 11.42 motion was ripe, the trial court was provided with further insight into what the mitigation testimony would have contained. As such, the trial court had numerous opportunities to consider mitigation evidence before sentencing and ruling on Searight's RCr 11.42 motion. Even taking this proffered testimony as true, the trial court nonetheless found the evidence to be insufficient to alter or invalidate Searight's sentence.

We agree with the trial court's analysis that Searight's criminal history outweighed any mitigation evidence, even when assuming the proffered mitigation testimony to be true. The record contains numerous references to Searight's criminal proclivity and the fact that he was on parole from a felony drug conviction at the

time of this offense. At the same time, the proffered mitigation testimony contains no extraordinary circumstances; and, therefore, the record compels a finding that Searight was not prejudiced by the alleged error in failing to present mitigation evidence because even if true, the proffered testimony would not have undermined confidence in his sentence.

As such, we find that the trial court correctly found that a hearing was not necessary to determine if Searight was prejudiced by his counsel's failure to proffer mitigation testimony; and the trial court correctly found that even assuming Searight's allegations to be true, the integrity of his sentence was not invalidated. We affirm the trial court's denial of Searight's RCr 11.42 motion without evidentiary hearing.

### III. CONCLUSION.

Based on the foregoing, we find that the trial court did not err in denying Searight's RCr 11.42 motion without an evidentiary hearing. Therefore, we reverse the opinion of the Court of Appeals and reinstate the trial court's order.

All sitting. All concur.