RENDERED:  MAY 7, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1669-MR

JOHN R. HALL                                                    APPELLANT

                          APPEAL FROM PIKE CIRCUIT COURT
v.                        HONORABLE EDDY COLEMAN, JUDGE
                          ACTION NO. 18-CR-00075

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND KRAMER, JUDGES.

KRAMER, JUDGE:  John R. Hall appeals from the Pike Circuit Court's denial of his Kentucky Rule of Criminal Procedure (RCr) 11.42 post-conviction motion. Hall argues his counsel performed ineffectively by misadvising him as to whether he would be eligible for parole under the terms of a plea agreement.  We affirm.

        In March 2018, Hall was indicted for, among other things, murdering a police officer.  The Commonwealth soon thereafter filed a notice of its intent to

seek enhanced punishment, including the death penalty. In December 2018, Hall and the Commonwealth entered into a written plea agreement pursuant to which the Commonwealth agreed to dismiss some charges in return for Hall pleading guilty to murder and being a convicted felon in possession of a handgun. The written plea agreement explicitly called for Hall to be sentenced to life imprisonment without the possibility of parole:

> 5.) The Commonwealth will recommend a sentence of imprisonment for life without benefit of probation or parole for the murder of Pikeville Police Officer Scotty Hamilton in Count I, and a sentence of ten (10) years in prison on Count II, Convicted Felon in Possession of a Handgun. The Commonwealth will further recommend the sentences run concurrently and it is acknowledged that by operation of law the [ten-year] sentence must run concurrently with the sentence of imprisonment for life without benefit of probation or parole.

> 6.) The defendant agrees that he will not seek any form of probation or parole of the sentence imposed . . . .

> . . .

> 8.) This is the entire agreement of the parties.

Hall and his counsel each signed the agreement.

The trial court engaged in a colloquy with Hall before accepting his guilty plea. Under oath, Hall said he only was able to read and write "a little bit" but answered yes when asked if the plea agreement had been read to him by counsel and again when asked if he believed he understood the agreement's

contents. The Commonwealth also orally summarized the plea agreement's terms, including emphasizing the recommendation that Hall be sentenced to life without the possibility of parole. When the trial court asked Hall if the Commonwealth's summary was "the recommendation as you understand it," Hall answered "yes." Hall then said "no" when asked by the court if he had been promised anything else or told he would have any other benefits. The court accepted Hall's guilty plea and sentenced him to life imprisonment without the possibility of parole, as per the terms of the plea agreement.

Roughly ten months later, Hall, *pro se*, filed the RCr 11.42 motion presently under review. The only issue relevant to this appeal is Hall's claim that his counsel misled him by erroneously stating the plea agreement called for a sentence of life imprisonment with the possibility of parole after twenty-five years.[1] Hall asserts he would have rejected the agreement if he had known it made him permanently ineligible for parole. The trial court denied Hall's RCr 11.42 motion without holding a hearing. Hall then filed this appeal *pro se*, though subsequently we appointed the Department of Public Advocacy (with its consent) to represent him.[2]

---

[1] By not raising them here, Hall has waived or abandoned all the other claims in his motion. *See, e.g., Hugenberg v. West American Ins. Company/Ohio Cas. Group*, 249 S.W.3d 174, 187-88 (Ky. App. 2006).

[2] Even though Hall was sentenced to life imprisonment without the possibility of parole, we have jurisdiction over his appeal. *Cardine v. Commonwealth*, 102 S.W.3d 927, 929 (Ky. 2003).

Hall's core argument is that he is entitled to an evidentiary hearing because the record does not conclusively refute his allegation that counsel told him "he was pleading to life without the possibility of parole for twenty-five (25) years when he was really pleading to life with no possibility of parole." A trial court must hold an evidentiary hearing on an RCr 11.42 motion "only when there is 'a material issue of fact that cannot be determined on the face of the record.'" *Commonwealth v. Searight*, 423 S.W.3d 226, 228 (Ky. 2014) (quoting RCr 11.42(5)). As a general rule, the trial court "may not simply disbelieve factual allegations in the absence of evidence in the record refuting them." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452-53 (Ky. 2001). However, an evidentiary hearing is not necessarily required where during the plea colloquy, any alleged misinformation has been cured by the court. For example, in *Commonwealth v. Rank*, 494 S.W.3d 476, 487 (Ky. 2016), the Court held that "[t]he record reveals that any erroneous information given to [appellant] by counsel about probation and parole eligibility was corrected by the trial court. The trial court explained the terms of the plea and [appellant] expressed his understanding of them. An evidentiary hearing is not required on this issue." Thus,

> [i]f the information given by the court at the plea hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant.

*Edmonds v. Commonwealth*, 189 S.W.3d 558, 568 (Ky. 2006) (quotation and citations omitted). *See also Embry v. Commonwealth*, 476 S.W.3d 264, 271-72 (Ky. App. 2015), *overruled on other grounds by Commonwealth v. Thompson*, 548 S.W.3d 881 (Ky. 2018) ("Flaws in counsel's advice may be cured by the trial court's provision of accurate information.").[3]

Here, the trial court did not hold an evidentiary hearing. Thus, "our review is limited to determining whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Searight*, 423 S.W.3d at 231 (quotation marks and citations omitted). Of course, "motions asserting claims refuted or otherwise resolved by the record" may be "summarily denied . . . ." *Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012). We review the trial court's factual findings only for clear error but review its application of the law *de novo*. *Id.* at 875.

Hall's claims are based upon allegedly ineffective counsel; therefore, he must both show that counsel's performance was deficient and that deficiency caused him to suffer prejudice. *Searight*, 423 S.W.3d at 228 (citing *Strickland v.*

---

[3] Among our sundry conclusions in *Embry* was that "failure to advise a defendant of the lifetime registration requirement for a sex offender who pleads guilty does not constitute ineffective assistance of counsel because the registration requirement is nonpunitive and designed to protect the public." *Embry*, 476 S.W.3d at 272. Our Supreme Court overruled that sole aspect of *Embry*. *Thompson*, 548 S.W.3d at 893 ("we disagree with the *Embry* court's bar on claims of ineffective assistance of counsel concerning sex offender registration . . . . Accordingly, we overrule *Embry* to the extent it holds otherwise."). We thus still may properly rely upon the remainder of *Embry*.

*Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Courts reviewing claims of ineffective assistance of counsel "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. To show deficient performance, Hall must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. To show prejudice after having pled guilty, Hall "must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 876 (internal quotation marks and citations omitted). In other words, Hall bore the burden to "'convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Id.* at 880 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)).

The Commonwealth asserts that the record resolves Hall's claim. Of course, the record of proceedings in court cannot show what was said out-of-court. Nonetheless, Hall signed a plea agreement agreeing to life without the possibility of parole in a capital punishment eligible case; swore under oath that he understood the plea's terms; admitted the Commonwealth's recitation of the agreement (which emphasized the recommended sentence of life without the possibility of parole) matched his understanding thereof; and while under oath, stated that no one had

promised him anything else. And, now after the fact, Hall asserts he would have rejected the agreement if he had known it made him permanently ineligible for parole.

The United States Supreme Court has warned courts reviewing post-conviction claims of ineffective assistance of counsel to "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967, 198 L. Ed. 2d 476 (2017).[4] Hall has pointed to *no* contemporaneous evidence to support any assertions in his motion. To the contrary, Hall failed to object or seek to withdraw his guilty plea once it was made plain in court that the plea agreement called for him to be permanently ineligible for parole. In short, though the record adduced in court may not directly refute Hall's claim about what his counsel had allegedly said out-of-court, Hall's claims are nonetheless "otherwise resolved by the record . . . ." *Pridham*, 394 S.W.3d at 874.[5]

---

[4] *Lee* has not yet been cited by a Kentucky appellate court, but its cautionary language fits here.

[5] Our holding in *Embry* is generally consistent with prior, unpublished opinions (which we cite purely for illustrative purposes). *See, e.g.*, *Smith v. Commonwealth*, No. 2007-CA-0954-MR, 2008 WL 4951979, at *2 (Ky. App. Nov. 21, 2008) ("Smith contends that his guilty plea was not knowingly, voluntarily, and intelligently made because his counsel rendered ineffective assistance. He contends that his counsel advised him that he was accepting a fifteen-year sentence when; in fact, he was receiving a forty-year sentence. He further contends that counsel

We conclude, consistent with prior Kentucky and federal caselaw, that any alleged misstatement by counsel was adequately cured by the proceedings in court. Accordingly, the trial court properly denied Hall's motion without conducting a hearing. All other arguments contained in the parties' briefs we deem to be irrelevant, redundant, or without merit.

For the foregoing reasons, the Pike Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky

---

misinformed him that he would be eligible for parole after serving twenty percent of his sentence. Thus, he contends that he was impermissibly misled into accepting a much greater sentence than he believed . . . . From the evidence in the record, Smith's allegation stands in stark contrast to the affirmative statements made by the trial court and his counsel. On numerous occasions, Smith was put on notice that he potentially faced a forty-year sentence. Moreover, during the sentencing hearing, Smith's counsel stated that Smith understood that he could have his sentences run consecutively. Regarding Smith's parole eligibility, Smith's counsel, standing directly beside his client, stated that Smith had to serve eighty-five percent of the sentence imposed, and Smith voiced no objection. Based on these facts, Smith's claim is conclusively refuted by the record."); *Savage v. Commonwealth*, No. 2009-CA-0353-MR, 2010 WL 1926382, at *4 (Ky. App. May 14, 2010) ("Upon review of this record, we are convinced that the plea colloquy conclusively demonstrates that any misstatement that was transmitted to Savage regarding the amount of time he might have to serve prior to being eligible for parole was corrected and clarified by the time of Savage's plea hearing. Savage twice affirmed that he had discussed and understood the parole guidelines set forth at the hearing. We therefore discern no error in the trial court's ruling that this record conclusively reflects Savage's plea to be knowing, intelligent and voluntary and not a result of any gross misadvice of his attorneys.").