RENDERED:  SEPTEMBER 8, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1093-MR

CHRISTOPHER ALEXANDER POPE                                    APPELLANT


v.               APPEAL FROM LINCOLN CIRCUIT COURT
                 HONORABLE TERESA WHITAKER, JUDGE
                 ACTION NO. 18-CR-00152


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND GOODWINE, JUDGES.

ECKERLE, JUDGE:  Appellant, Christopher Alexander Pope (Pope), appeals the

denial of his post-conviction, RCr[1] 11.42 motion.  Finding no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

# BACKGROUND

A jury convicted Pope of trafficking in a controlled substance (heroin) in the first degree in Lincoln County, Kentucky, and he pled guilty to being a first-degree, persistent felony offender. The Trial Court sentenced him to a jury-recommended, 20-year sentence of imprisonment. On direct appeal, the Kentucky Supreme Court affirmed his conviction, describing the facts as follows:

> Pope was indicted by a Lincoln County grand jury for trafficking in a controlled substance and being a first-degree PFO. The charges stemmed from Pope selling heroin to a confidential informant during a controlled buy. The controlled buy was arranged by deputies from the Boyle County Sheriff's Department who apparently anticipated that it would occur in Boyle County. However, when the buy was set in motion Pope told the confidential informant that he would not make the sale in Boyle County. Instead Pope instructed the informant to meet him at a fast-food restaurant in adjoining Lincoln County. The Boyle County deputies followed the informant to that location and surveilled the drug transaction. Notably, the deputies received prior verbal approval from the Lincoln County Sheriff's Department for their investigative activities in Lincoln County.
>
> Pope communicated with the confidential informant via Snapchat. At one point, Pope instructed the informant to leave his vehicle unlocked when he went into the restaurant. When the informant met with Pope inside the restaurant, Pope told him that the heroin had already been placed in the glove compartment of his vehicle. The informant then paid Pope and returned to Boyle County.
>
> The Boyle County deputies later testified that they surveilled the entire transaction. One officer observed

Pope arrive, approach the passenger door of the informant's vehicle, and then enter the restaurant where he had a discussion with the informant. Afterward, the officers met the confidential informant in Boyle County where he gave them the purchased heroin.

Following the Lincoln County grand jury's indictment of Pope, a Boyle County officer arrested him in Boyle County. As noted, a Lincoln County jury found pope guilty of trafficking in a controlled substance, first degree and, following his guilty plea to the charge of PFO I, recommended a sentence of twenty years. The trial court sentenced Pope accordingly and entered judgment.

*Pope v. Commonwealth*, 629 S.W.3d 5, 7 (Ky. 2021).

Pope then filed a post-conviction motion pursuant to RCr 11.42. Pope raised numerous allegations of ineffective assistance of counsel both at his trial and on appeal. He requested an evidentiary hearing. After reviewing responsive pleadings, the Lincoln Circuit Court denied the request for an evidentiary hearing and denied Pope's request for post-conviction relief. Pope timely appealed.

**ANALYSIS**

Pope raises multiple issues relating both to his trial counsel and his appellate counsel. We begin our analysis with the standard of review before addressing his allegations of error.

I.    **Standard of Review**.

Ineffective assistance of counsel claims are evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80

-3-

L. Ed. 2d 674 (1984), and as adopted in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016). The *Strickland* test for ineffective assistance is a two-prong test: counsel's performance was deficient; and the deficient performance prejudiced a defendant. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Deficient performance is proven when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [to the United States Constitution]." *Id*. An Appellate Court reviews counsel's performance under an objective standard of reasonableness and "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. at 689, 104 S. Ct. at 2065. "We must analyze counsel's overall performance and the totality of circumstances therein in order to determine if the challenged conduct can overcome the strong presumption that counsel's performance was reasonable." *McGorman*, 489 S.W.3d at 736 (citation omitted).

Under the prejudice prong, "A defendant is prejudiced by counsel's deficient performance when the 'errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable.'" *Commonwealth v. Searight*, 423 S.W.3d 226, 230 (Ky. 2014) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). To prove prejudice, there must be a showing of a reasonable probability of a different outcome had counsel's unprofessional errors not occurred. *Searight*,

-4-

423 S.W.3d at 230. "This reasonable probability is a probability 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2067).

Both prongs must be met for relief to be afforded. *Searight*, 423 S.W.3d at 231. Thus, a defendant must show both deficient performance of counsel and prejudice.

A claim of ineffective assistance of appellate counsel "premised upon appellate counsel's alleged failure to raise a particular issue on direct appeal [is] cognizable in Kentucky." *Commonwealth v. Pollini*, 437 S.W.3d 144, 147 (Ky. 2014) (citing *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010)). To succeed on such a claim, a defendant must show that "counsel's performance was deficient, overcoming a strong presumption that appellate counsel's choice of issues to present to the appellate court was a reasonable exercise of appellate strategy." *Hollon*, 334 S.W.3d at 436. "The omitted issue must be 'clearly stronger' than those presented for the presumption of effective assistance to be overcome." *Pollini*, 437 S.W.3d at 149. A defendant must also show that there was resulting prejudice, which "requires a showing that absent counsel's deficient performance there is a reasonable probability that the appeal would have succeeded." *Hollon*, 334 S.W.3d at 437.

When a Trial Court does not hold an evidentiary hearing on an RCr 11.42 motion, "appellate review is limited to 'whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction.'" *Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019) (quoting *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967)). "A hearing is required if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citing *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993), *cert. denied*, 510 U.S. 1049, 114 S. Ct. 703, 126 L. Ed. 2d 669 (1994); and *Lewis*, 411 S.W.2d at 322). *See also* RCr 11.42(5).

We review *de novo* a lower court's ruling on counsel's performance and potential deficiencies. *Pollini*, 437 S.W.3d at 149 (citing *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008)). Accordingly, no deference to the Trial Court is afforded.

## II. Alleged, Ineffective Assistance of Counsel During Pretrial Motions and Direct Appeal

We first address Pope's arguments that his trial counsel and appellate counsel rendered ineffective assistance. Both claims relate to a pretrial motion to suppress evidence or alternatively to dismiss the indictment. We review both

together as our analysis and the underlying substantive law are similar, though through different lenses.

Regarding the pretrial motion, Pope's trial counsel claimed that the Boyle County Sheriff's Deputies did not have authority to arrest in Lincoln County; thus, he contended that they exceeded their authority under KRS[2] 431.007(1)[3] by conducting an investigation in Lincoln County. The resulting evidence obtained during the investigation in Lincoln County, trial counsel claimed, should be suppressed. Pope admits that the issues raised in the pretrial motion were denied by the Trial Court, whose decision was ultimately affirmed by the Kentucky Supreme Court, albeit for different reasons. Pope claims his counsel erroneously cited to and argued KRS 431.007 to claim Boyle County Sheriff's Deputies had no authority to investigate drug activity in Lincoln County. Pope

---

[2] Kentucky Revised Statutes.

[3] That Section delineates the arrest powers of peace officers as such:

> A peace officer certified pursuant to KRS 15.380 to 15.404, who is directly employed as a police officer by a Kentucky city, county, or urban-county government and whose department meets the requirements of KRS 15.440 and a sheriff, or deputy sheriff who has been certified pursuant to KRS 15.380 to 15.404, who is officially requested by a law enforcement agency in another county in Kentucky to assist in any matter within the jurisdiction of the requesting agency shall possess, while responding to and for the duration of the matter for which the request was made, the same powers of arrest in the requesting county as he possesses in the county in which he is a police officer.

now claims his counsel should have cited to *Churchwell v. Commonwealth*, 843 S.W.2d 336 (Ky. App. 1992), a case finding that a park ranger was operating outside of his jurisdictional authority when conducting an investigatory stop multiple miles outside of his jurisdictional parameters.

The Commonwealth ostensibly concedes trial counsel's performance "was deficient in making an argument without legal basis prior to trial. Trial counsel took a chance and made a novel argument." Appellee's Brief at 7. Nonetheless, the Commonwealth notes that Pope's ineffective assistance of counsel claim cannot succeed because he has failed to show any resulting prejudice. We agree for reasons shown below.[4]

Additionally, Pope argues that his appellate counsel rendered ineffective assistance by failing to raise a winning argument on appeal. His argument follows two lines. First, Pope claims that his counsel should have raised *Churchwell* on appeal. Second, Pope claims his counsel erroneously waited until a petition for rehearing to argue that *Fisher v. Commonwealth*, 506 S.W.3d 329 (Ky. App. 2016), and KRS 65.240 applied to his suppression issue.

---

[4] While we do not need to decide whether counsel's performance was deficient, we would be hard-pressed to conclude the filing of the motion in this case constituted deficient performance, as counsel routinely push legal and/or factual boundaries when zealously advocating for clients.

Regarding both trial and appellate counsel's performance, we find no deficiency with failing to cite to and argue *Churchwell*. That case concerned a park ranger stopping a vehicle some four miles outside of his jurisdictional authority granted by KRS 148.056.[5] 843 S.W.2d at 339. The park ranger was not in hot pursuit, nor were there any exigent circumstances. *Id*. at 339-40. Accordingly, having no authority to conduct an investigatory stop, the evidence subsequently seized was fruit of the poisonous tree. *Id*. at 340.

No such issues arise here. As the Kentucky Supreme Court held on Pope's direct appeal, the Boyle County Sheriff's Deputies were acting under authority granted pursuant to KRS 218A.240(1). *Pope*, 629 S.W.3d at 9-12 ("their investigatory activity fits squarely within the language of KRS 218A.240(1)").

---

[5] That statute provides:

(1) The commissioner of parks, in his discretion, may employ and commission park rangers as the commissioner deems necessary to secure the parks and property of the Department of Parks and to maintain law and order and such employees, when so commissioned, shall have all of the powers of peace officers and shall have *on all parks property and on public highways transversing such property* in all parts of the state the same powers with respect to criminal matters and enforcement of the laws relating thereto as sheriffs, constables granted peace officer powers, and police officers in their respective jurisdictions, and shall possess all the immunities and matters of defense now available or hereafter made available to sheriffs and police officers in any suit brought against them in consequence of acts done in the course of their employment.

(Emphasis added.)

*Churchwell* is wholly inapplicable, and Pope suffered no prejudice by his trial counsel not citing to it.

Moreover, Pope has failed to present even a claim that any prejudice resulted from his trial counsel's performance. Pope summarily states in his brief, "Appellant suffered prejudice due to these inexcusable errors which adversely effected his defense in the pretrial phase."[6] This summary conclusion does not constitute an argument, nor does it make any causal connection to the prejudice discussed in *Strickland*. Our case law is legion with pretrial suppression motions that failed both at trial and on appeal, and we will not hold that pressing ultimately losing claims at trial and on appeal constitutes *de facto* prejudice. Likewise, we cannot discern any prejudice, even under *Strickland*, that resulted from counsel's failed motion to suppress and/or dismiss for lack of jurisdiction. The motion did not require Pope to disclose any information that could be used against him at trial; the Commonwealth did not gain any advantage through the motion; and the result of losing the motion only placed Pope in the exact same position he would have been in had he not made the motion at all.

Additionally, we find neither deficient performance nor prejudice resulted from appellate counsel's performance. To prevail on an ineffective

---

[6] This quote is from the Appellant's Brief. Pope omitted page numbers in his brief; thus we provide no pinpoint citation.

-10-

assistance of appellate counsel claim, a defendant must first show deficient performance by demonstrating that counsel omitted an issue, and the "omitted issue must be 'clearly stronger' than those presented for the presumption of effective assistance to be overcome." *Pollini*, 437 S.W.3d at 148-49 (citing *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010)). Second, a defendant must show prejudice, "which . . . requires a showing that absent counsel's deficient performance there is a reasonable probability that the appeal would have succeeded." *Pollini*, 437 S.W.3d at 149 (quoting *Hollon*, 334 S.W.3d at 437).

Pope does not succeed on either prong. On the first prong, even if his appellate counsel did not cite to *Churchwell*, counsel nonetheless raised the jurisdictional argument, and the Kentucky Supreme Court fully considered the same and rejected it. Had counsel cited to *Churchwell*, the outcome in the instant case would have been the same given that the Boyle County Sheriff's Deputies had statutory authority to conduct their investigation in Lincoln County. On the second prong, there is no reasonable probability that citing to *Churchwell* would have changed the outcome, as that case was wholly inapplicable to the instant case.

Likewise, to the extent Pope is arguing that his appellate counsel was ineffective by raising *Fisher*, 506 S.W.3d 329, and KRS 65.240 for the first time in his petition for rehearing, we find that Pope still fails to demonstrate ineffective assistance of appellate counsel. There was nothing improper about raising those

-11-

claims in a petition for rehearing, as Pope's appellate counsel was arguing that the not-yet-final, to-be-published opinion would lead to a misleading application of the law under the instant facts, which is an argument that the Supreme Court could rightly consider. Indeed, it might have been ineffective assistance not to raise the issue. *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991) ("When the facts reveal a *fundamental basis for decision* not presented by the parties, *it is our duty to address the issue to avoid a misleading application of the law*.") (emphasis added).

Likewise, there was no resulting prejudice. The Kentucky Supreme Court considered and rejected Pope's claims by denying the petition for rehearing. Indeed, given that the Boyle County Sheriff's Deputies had jurisdictional authority pursuant to KRS 218A.240(1), neither *Fisher* nor KRS 65.240 would operate to limit that authority. Accordingly, Pope has not shown ineffective assistance of counsel with either his trial counsel or his appellate counsel on this issue, and the Trial Court properly denied his motion.

## III. Alleged Ineffective Assistance of Counsel During Plea Negotiations

Pope next alleges that his trial counsel rendered deficient performance that prejudiced him during plea negotiations. Specifically, Pope claims that his counsel should have advised him that he could have pursued a *conditional* plea offer. Pope notes that the Commonwealth offered a plea package that included a recommendation of imprisonment for nine years, dismissal of the PFO charge, and

-12-

parole eligibility at 50% of time served. However, the offer was only valid if Pope entered an *unconditional* guilty plea. Pope claims that his counsel advised him to reject the offer due to an ultimately mistaken belief that the suppression and jurisdictional issue was strong on appeal. Pope claims that his counsel never advised him that he could enter a conditional plea, locking in a lower sentence than he obtained at trial, while awaiting the outcome of his suppression and jurisdictional claim on appeal. Pope claims his counsel should have provided that advice.

The Commonwealth responds that Pope was not captain of his own ship on the conditional plea offer. A conditional plea requires the approval of both the Commonwealth and the Trial Court. RCr 8.09. It is noteworthy that no conditional plea offer was made in the instant case. The Commonwealth further replied below that it would not have made a conditional plea offer with the same terms as the unconditional plea offer. If it had extended a conditional plea offer, the Commonwealth would not have dismissed the persistent felony offender charge. The Trial Court rejected Pope's claim, noting that at best Pope would have received an increased penalty, and that it was "mere speculation" as to whether the Trial Court would have accepted a conditional plea at all.

We find no error with the Trial Court's conclusion. Pope claims that he would have entered a conditional plea pursuant to the same terms as the

unconditional plea, which included dismissal of the persistent felony offender charge. But that offer was never on the table. "The process of arriving at a guilty plea requires give and take between the Commonwealth and the defendant, and at some point, an agreement may be reached." *Commonwealth v. Corey*, 826 S.W.2d 319, 320-21 (Ky. 1992). In other words, Pope had no inchoate ability to create a conditional plea offer. And the Trial Court might not have accepted such an offer even if Pope had the ability to operate unilaterally.

The record thus refutes Pope's allegation of ineffective assistance of counsel. Accordingly, we affirm the Trial Court on this point.

## IV. Alleged Ineffective Assistance of Counsel During Discovery

Pope next claims that he suffered ineffective assistance of counsel as it relates to certain, photographic evidence of Snapchat messages that were introduced at trial and as it relates to the chain of custody of the drugs that were seized. Regarding the Snapchat messages, the confidential informant took pictures of the Snapchat messages he was sending and receiving with Pope during the drug buy process. Prior to trial, the Commonwealth turned over copies of those photos that were less than clear. After the trial began, the Commonwealth received clearer photos and disclosed them to Pope's counsel, who immediately moved to dismiss the case for prosecutorial misconduct. Counsel also noted that the clearer photos now showed one additional word, which indicated that Pope told the confidential

informant to leave the car "unlock[ed]." Pope's counsel alternatively requested a multiple-day continuance. The Trial Court granted less than an hour continuance and overruled the motion to dismiss, finding no prosecutorial misconduct and opining that counsel should have requested clearer copies during the discovery process.

Regarding his ineffective assistance of counsel claim on this issue, the Trial Court rejected any resulting prejudice under *Strickland*, noting that the clearer photos in no way "gutted his defense" or "prevented him from making an informed decision as to trial strategy." On appeal, Pope continues to make summary and conclusory allegations that he was prejudiced by his counsel's allegedly deficient performance on this issue.

Having reviewed the record, we find no error with the Trial Court's ruling on this issue. Counsel effectively and defensively utilized the Snapchat messages by pointing out that they do not contain any request to purchase drugs. Counsel also challenged the confidential informant's veracity on the witness stand, noting that he was being paid and was a convicted felon. Counsel also highlighted the confidential informant's inability to recall all of the events. Moreover, even if the clearer version shows the word "unlock," Pope cannot show the manner in which that additional word thwarted his defense. *Strickland* requires a defendant to show a "reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Koteras v. Commonwealth*, 589 S.W.3d 534, 541 (Ky. 2018) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). That standard was not met here. If counsel knew about the word "unlock" before trial, he would have exploited the same weaknesses in the Commonwealth's evidence that he did at the trial, and those arguments have repeatedly proven unsuccessful.

Pope also claims his defense counsel rendered ineffective assistance of counsel because he did not, pre-trial, interview the lab technician who received and tested the drugs. Pope insinuates that had his counsel performed such an interview, he would have had a better argument that there was some problem with the chain of custody of the drugs. Again, this summary argument without elaboration demonstrates neither deficient performance nor prejudice under *Strickland*, and the Trial Court was correct to reject the same.

**V.    Alleged Ineffective Assistance of Counsel in Cross-Examination**

Pope next argues that his counsel's cross-examination of Deputy Abbott constituted ineffective assistance of counsel. Specifically, Pope claims his counsel should have questioned Deputy Abbott's inconsistencies about his surveillance of the drug transfer and Deputy Abbott's inconsistencies about his search of the confidential informant's vehicle before, during, and after the transaction. Pope claims that his trial counsel was ineffective because he did not

"punch holes" in the evidence showing that the confidential informant might have acquired the heroin from another source either before, during, or after the meeting with Pope.

We have reviewed the trial and agree with the Trial Court that counsel's performance did not constitute ineffective assistance of counsel. At the trial, counsel questioned the confidential informant and Deputy Abbott about inconsistencies and gaps in the testimony, recordings, and Snapchat messages. Specifically, evidence was introduced that Deputy Abbott may have only searched the confidential informant's person, not his vehicle, and Deputy Abbott did not always have eyes on the confidential informant or his vehicle. The confidential informant stopped at a gas station to get Gatorade and cigarettes, and Pope's counsel highlighted this fact on cross-examination of Deputy Abbott, who admitted that he has informed confidential informants not to make such stops. Counsel also succeeded in having Deputy Abbott concede that confidential informants "have a mind of their own," and that it is possible that someone other than the defendant could have gotten into the car during a pit stop.

Under *Strickland*, Pope must show that trial counsel's performance was deficient, and that that there is a reasonable probability that the result of the proceeding would have been different absent that deficiency. *Koteras*, 589 S.W.3d at 541. Here, Pope's counsel's questioning succeeded in exposing the weaknesses

in the Commonwealth's case. It cannot be said that there is a reasonable probability in a different outcome. Accordingly, we affirm the Trial Court's order on this issue.

## VI. Alleged Ineffective Assistance of Counsel During Penalty Phase

Pope next alleges that his counsel rendered ineffective assistance during the penalty phase when counsel "recommended" that Pope testify. Pope had not testified during the guilt phase of his trial, but after the jury convicted him of the underlying offense, Pope entered a guilty plea to being a first-degree persistent felony offender and proceeded to the penalty phase of his trial. At the presentation of evidence during the Truth-In-Sentencing phase, the Commonwealth first read into the record all of Pope's prior convictions, including five felonies and three misdemeanors, most of which were drug related.

Pope then elected to testify, attempting to mitigate his actions by explaining his drug addiction. The Commonwealth, on cross-examination, asked if Pope was aware of the deadly danger of fentanyl, which laced the heroin he had just been convicted of trafficking. The Commonwealth further asked if Pope had been incarcerated previously for trafficking in drugs and for possessing a gun while being a convicted felon. On the latter question, Pope disclaimed possession of the firearm, though he admitted to pleading guilty to the charge. The Commonwealth followed up with additional questions regarding the firearm

possession charge, as Pope had previously pled guilty to charges relating to the same. During closing, Pope's argument that he should get some credit for pleading guilty to the first-degree persistent felony offender charge was rebuffed in part by the Commonwealth's argument that Pope would not really take ownership of his past gun crime.

During jury deliberations, the jury asked to return to the courtroom and review the list of prior convictions. The Trial Court had the list re-read to the jury in open court. The jury then deliberated more and returned with a recommendation of the maximum penalty.

Pope claims his counsel's performance was deficient by recommending that he testify about his drug addiction. Pope claims his attorney misadvised him that the Commonwealth could only read his convictions into the record, not question him about them. Pope claims his attorney should have introduced evidence of Pope's drug addiction through Pope's grandfather or girlfriend.

As there was no evidentiary hearing, we will assume it true that Pope's counsel recommended that Pope testify and misadvised Pope regarding the scope of the Commonwealth's questions. Pope claims this alleged deficiency resulted in prejudice because he received the maximum sentence.

The Trial Court found no ineffective assistance on this issue. It noted that there was no evidence to conclude that the sole reason he received the maximum sentence was Pope's testimony. It further noted that had Pope's grandfather or girlfriend testified, the Commonwealth would have cross-examined these witnesses in such a way as to highlight the same conclusion: Pope is a repeat drug trafficker in inherently dangerous drugs who deserves the maximum penalty. The Trial Court thus believed the argument was speculative at best and rejected it. We agree.

"Mere speculation as to how other counsel might have performed either better or differently without any indication of what favorable facts would have resulted is not sufficient [to establish ineffective assistance of counsel.]" *Hodge v. Commonwealth*, 116 S.W.3d 463, 470 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). Here, Pope speculates that his counsel might have performed better by calling a different witness to testify about his drug addictions. But as the Trial Court noted, the Commonwealth would have cross-examined those witnesses to attain the same conclusion. Likewise, the jury would have heard the list of all the prior convictions regardless of whether Pope testified. The jury was not clearly inflamed as a result of Pope's testimony, as it spent time in deliberations and even asked the Trial Court if it could return to the courtroom to re-examine Pope's prior

convictions. Moreover, and importantly, Pope points to no favorable facts that would have changed the result. Accordingly, it is purely speculative that any prejudice resulted. We affirm the Trial Court's order on this issue.

## VII. Cumulative Error

Finally, Pope argues that if we hold that none of the aforementioned allegations of ineffective assistance of counsel meets the test under *Strickland* that we should hold that the cumulative effect of all of the allegations constitutes the requisite ineffective assistance of counsel. We do not agree. Cumulative error may apply when the "individual errors were themselves substantial, bordering, at least, on the prejudicial." *Commonwealth v. Harbin*, 602 S.W.3d 166, 174 (Ky. App. 2019) (quoting *Brown v. Commonwealth*, 313 S.W.3d 577, 631 (Ky. 2010)). The evidence against Pope was overwhelming and none of the individual allegations of error was either substantial or bordering on prejudicial. Accordingly, there was no cumulative error constituting prejudice.

## CONCLUSION

Pope raises multiple allegations of ineffective assistance of trial counsel and appellate counsel. We have reviewed them all and find none warrant relief pursuant to *Strickland*'s standards for ineffective assistance of counsel. Accordingly, we AFFIRM the Trial Court's order denying relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Louis W. Rom
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky