Harold McQUEEN, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 97–SC–526–MR.

Supreme Court of Kentucky.

June 30, 1997.

## OPINION AND ORDER

STEPHENS, Justice.

This is an appeal from an order of the Madison Circuit Court denying Appellant's new RCr 11.42 motion and his renewed motion for a stay of his execution. In his present motion, he reiterates his claim of ineffective assistance of counsel, this time asserting that the entire litigation staff of the Department of Public Advocacy, including its present director, conspired to deprive him of the assistance required by KRS 31.030(2). He also renews his claim of *Brady* violations, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *i.e.*, that the Commonwealth withheld exculpatory evidence which prevented him from receiving a fair trial, and invites us to overrule *Hicks v. Commonwealth*, Ky., 825 S.W.2d 280 (1992) so that he can make a claim of ineffective assistance of counsel on appeal.

Appellant has previously litigated an RCr 11.42 motion in the Madison Circuit

Court which was affirmed by this Court. *McQueen v. Commonwealth*, Ky., 721 S.W.2d 694 (1986). He is precluded from raising issues in a successive RCr 11.42 motion which were or could have been raised in the first motion. RCr 11.42(3). Although Appellant claims he did not know of the alleged conspiracy, it is undeniable that his RCr 11.42 counsel was aware of it, since that counsel is alleged to have been a co-conspirator. The alleged purpose of the conspiracy was to create an issue of ineffective assistance of counsel, which would cause the sentence to be vacated pursuant to RCr 11.42. If so, then the issue could just as easily have been raised in the first RCr 11.42 motion as in this one. We note that the issue also was not raised in the claim of ineffective assistance filed under FRCP 60(b) in Appellant's federal district court action. *McQueen v. Scroggy*, 99 F.3d 1302 (6th Cir.1996).

■ The issue on a claim of ineffective assistance is not whether additional assistance from DPA would have provided Appellant with a better defense, but whether trial counsel was functioning as "counsel" guaranteed a defendant by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Gall v. Commonwealth*, Ky., 702 S.W.2d 37, 39 (1985) *cert. denied* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). A defendant is not guaranteed errorless counsel, or counsel adjudged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Henderson v. Commonwealth*, Ky., 636 S.W.2d 648 (1982); *Relford v. Commonwealth*, Ky.App., 558 S.W.2d 175, 178 (1977). The issue of whether Appellant's trial counsel rendered effective assistance under this standard was litigated extensively in both his previous RCr 11.42 proceeding and in *McQueen v. Scroggy, supra*. It cannot be relitigated in the present motion. We also note that KRS 31.030(2) only requires the Department of Public Advocacy to provide technical aid to local counsel representing indigents. Neither the motion nor Linda West's affidavit alleges any denial of technical assistance which would have resulted in ineffective assistance of counsel.

■ For the most part, Appellant's renewed claim of *Brady* violations is identical to the claim raised in *McQueen v. Commonwealth*, Ky., 948 S.W.2d 415 (1997), except that Appellant now asserts he has identified others who overheard his self-serving denial of guilt and his accusation that his co-defendant, Keith Burnell, fired the fatal shots. What we said in our June 27, 1997 opinion applies equally as well to these claims. Although not mentioned in the brief accompanying Appellant's motion, the attached affidavit of Linda West alleges that counsel has now learned that Linda Rose made three statements and that each statement was more detailed than the last. West asserts she obtained her information from Appellant's present appellate counsel, Stefanie M. McArdle. The affidavit does not state where or when McArdle obtained this information. Regardless, West's affidavit does not allege that Rose's statements were inconsistent or that they contained any exculpatory information. Even if the statements were not furnished in discovery, such would not constitute a *Brady* violation.

Finally, we decline Appellant's invitation to overrule *Hicks v. Commonwealth, supra.*

For these reasons, the order of the Madison Circuit Court denying Appellant's renewed RCr 11.42 motion is AFFIRMED and

IT IS HEREBY ORDERED that Appellant's motion for a stay of execution is DENIED.

All concur.