RENDERED: OCTOBER 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1047-MR

CLEOSEY HENDERSON         APPELLANT

v.   APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ERIC JOSEPH HANER, JUDGE
ACTION NO. 11-CR-003874

COMMONWEALTH OF KENTUCKY      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE: The Appellant ("Henderson") seeks reversal of the Jefferson Circuit Court's denial of his RCr[1] 11.42 motion. The circuit court correctly determined that Henderson's appellate counsel for his direct appeal did not provide ineffective representation. We affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

The Kentucky Supreme Court gave the following summary of the circumstances of Henderson's case:

> Alice [a pseudonym], Henderson's neighbor, walked over to his home to request money that she alleged Henderson owed her. After answering the door and engaging in some conversation, Henderson grabbed Alice by the throat and attacked her. She lost consciousness and, at some point, awoke, tied up in Henderson's bedroom. Alice lost consciousness multiple times throughout the encounter but testified that Henderson had removed her pants and panties and digitally penetrated her vagina. Henderson cut Alice multiple times with a sharp object that Alice could not specifically identify in her testimony. Alice was ultimately able to free herself and leave through a window, during which her legs were cut from the broken glass. She escaped to a neighbor's home where she obtained help and was taken to the hospital for treatment. She had multiple cuts and bruises from the assault.

*Henderson v. Commonwealth*, 563 S.W.3d 651, 657 (Ky. 2018).

Henderson chose to represent himself at trial. A jury convicted Henderson of First-Degree Assault, First-Degree Sexual Abuse, and First-Degree Unlawful Imprisonment. Henderson was found not guilty of Attempted Murder. During the sentencing phase of the trial, the jury found Henderson to be a First-Degree Persistent Felony Offender. The sentencing phase included evidence of

Henderson's prior convictions going back to 1986, including one for homicide,[2] which Henderson described as just an unfortunate situation of being around bad people. With a recommendation for consecutive sentencing, which the circuit court followed, Henderson was sentenced to serve sixty years.

For his direct appeal, Henderson had appointed counsel, Shannon Dupree Smith ("Smith"), with the Department of Public Advocacy. Smith raised five arguments on the direct appeal: a speedy trial violation, failure to appoint substitute counsel, failure to advise Henderson about stand-by counsel, denial of a motion to suppress, exclusion of evidence under KRE[3] 412 (Kentucky's Rape Shield Law), and the limitation of Henderson's recalling of a witness. *Henderson*, 563 S.W.3d at 657-658. The Kentucky Supreme Court unanimously found no merit in all but one of these claims, specifically the speedy trial issue.

The merit of the speedy trial and other claims raised on appeal is relevant to the assessment of whether the claims now asserted should have been brought forward during the direct appeal. Henderson waited over fifty months for

---

[2] Christian Circuit Court Case No. 02-CR-00019. Although Henderson accepted a sentence of ten years to serve for this killing, Henderson still insists on his innocence, noting he entered an *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), plea. When Henderson sought to reduce his $500,000 bond in the present case, the circuit court conducted a hearing on January 27, 2012. At this hearing, the prosecutor described this prior crime in Christian County as Henderson beating his wife to death with a baseball bat. The bond was not reduced.

[3] Kentucky Rules of Evidence.

his trial. *Id.* at 661. After assessing the reasons for the delay, the Kentucky Supreme Court denied the speedy trial claim by a vote of four to three. Although not condoning the delay, the majority found that some of the delay could be attributed to Henderson. *Id.* at 662.

Federal courts denied habeas corpus relief. *Henderson v. Jordan*, Civil Action No. 3:19-cv-216-RGJ-RSE, 2021 WL 11629776 (W.D. Ky. 2021). Notably, Henderson sought abeyance of the habeas corpus action because of the RCr 11.42 motion which is the subject of this appeal. *Id.* at *4. The federal court denied the abeyance because Henderson did not show that his unexhausted RCr 11.42 claims had any merit. *Id.* The federal court also denied a certificate of appealability. *Id.*

Henderson was represented by appointed counsel for the RCr 11.42 proceedings. The parties thoroughly briefed Henderson's additional claims about his trial. The circuit court granted an evidentiary hearing conducted on March 18, 2022. Smith was the only witness.

Smith acknowledged the best appeal argument was the speedy trial violation claim, which was nearly successful. When questioned about the issues Henderson thought should have been addressed on the appeal, Smith recalled that she discussed many such issues with Henderson before selecting the claims made in her lengthy brief. When asked specifically about the issues Henderson now

-4-

thinks should have been asserted, Smith did not believe any of them was clearly stronger than those previously argued on the direct appeal.

Several contentions were brought up in the briefs filed with the circuit court and during the hearing. The circuit court addressed the claims and found no ineffective assistance by Henderson's appellate counsel. Henderson has abandoned all but three of his claims[4] for his brief to this Court.

The first claim is that the circuit court invited a double jeopardy error when it instructed the jury on both Attempted Murder and First-Degree Assault. Second, Henderson claims he was denied a unanimous verdict because of the "combination" instruction used for First-Degree Assault. Finally, Henderson believes the circuit court should have granted a directed verdict on the First-Degree Assault charge because of the lack of evidence of a serious physical injury. We will address each of these claims in our following analysis.

STANDARD OF REVIEW

The standards which measure ineffective assistance of counsel are set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, the defendant must show that counsel's performance was so

_____

[4] For example, Henderson asked about jurors excused and hearsay rulings during testimony of police officers, including a report detailing a blood trail left by Alice. Smith correctly responded that some of the hearsay now complained of was invited by Henderson's questioning of the police witnesses, and the circuit court had allowed evidence from the report which Henderson sought to introduce, even though the report itself was not entered into evidence.

deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment of the United States Constitution. *Id.* at 687, 104 S. Ct. at 2064. Second, the defendant must show the counsel's deficiency prejudiced the defense by depriving the defendant of a fair proceeding, a proceeding whose result is reliable. *Id.* "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

The critical issue is not whether counsel made errors but whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory. *Id.* A defendant is not guaranteed errorless counsel, or counsel judged ineffective by hindsight, but counsel likely to render and rendering reasonably effective assistance. *McQueen v. Commonwealth*, 949 S.W.2d 70, 71 (Ky. 1997).

*Strickland* requires a court to indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, *supra*, at 689, 104 S. Ct. at 2065. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy. *Id.* For a claim of appellate ineffective assistance of counsel ("IAAC"), the arguments omitted by counsel must be shown to be "clearly stronger" than those chosen for the appeal. *Hollon v. Commonwealth*, 334 S.W.3d

431, 436 (Ky. 2010). *See also Commonwealth v. Pollini*, 437 S.W.3d 144 (Ky. 2014).

"[W]hen reviewing a trial court's findings of fact following an RCr 11.42 evidentiary hearing, an appellate court utilizes the clearly erroneous standard set forth in Kentucky Rules of Civil Procedure (CR) 52.01. Findings of fact are not clearly erroneous if supported by substantial evidence. Even though claims of ineffective assistance of counsel are subject to *de novo* review, a reviewing court should defer to the determination of facts made by the trial judge." *Saylor v. Commonwealth*, 357 S.W.3d 567, 570-71 (Ky. App. 2012) (citations omitted). Overall, a circuit court's denial of an RCr 11.42 motion is reviewed for an abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014).

ANALYSIS

In a thorough and well-reasoned order, the circuit court explained its denial of Henderson's RCr 11.42 motion. None of the findings of fact, for example the outline of what Smith did, are erroneous, and our *de novo* review of the law of what constitutes ineffective assistance of counsel confirms the result reached by the circuit court. There was no abuse of discretion in the denial of the RCr 11.42 motion.

For his IAAC claim, Henderson invites the application of a list of factors provided by the Sixth Circuit Court of Appeals in *Franklin v. Anderson*,

-7-

434 F.3d 412, 429 (6th Cir. 2006). Some of these factors relate to the overall question under *Hollon* of whether the omitted argument was clearly stronger than those asserted on the appeal. For example, the court in *Franklin* suggested consideration of whether the omitted issues were significant and if there is contrary authority to the ruling of the trial court on the issue. *Id.*

For other factors, we note Smith was an experienced appellate advocate who had never testified about a claim of IAAC pertaining to her. She reviewed the record of the trial and discussed with Henderson the many claims he might have asserted. The most apt factor from *Franklin* may be the final one on the list: "Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?" *Id.* The answer to this inquiry as well as the general question of whether omitted arguments were clearly stronger than those raised on the appeal lead to the same result in this case. We will illustrate this for each of the claims of error.

Henderson's Indictment charged both Attempted Murder and First-Degree Assault. The difference is whether Henderson acted with an intention to cause death[5] or to injure.[6] The jury instructions in this case clearly make this distinction. In the circumstances of this case, conviction of both Attempted

---

[5] Kentucky Revised Statutes ("KRS") 507.020(1).
[6] KRS 508.010(1).

Murder and First-Degree Assault would have violated Double Jeopardy. *See Spicer v. Commonwealth*, 442 S.W.3d 26 (Ky. 2014) (case relied upon by Henderson). *See also Kiper v. Commonwealth*, 399 S.W.3d 736 (Ky. 2012) (ruling Double Jeopardy would not be violated if the acts of a defendant were separated in time permitting a separate forming of intent to commit two acts, one attempted murder and the other an assault).

Henderson was not convicted of both charges. The law does not prohibit multiple charges for the same act; it prohibits only multiple punishments for the same act. *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 39 (Ky. 2011). Double Jeopardy is more a right pertaining to sentencing than to the guilt or innocence phase of a trial. As the *Spicer* case itself shows, the remedy would be to prohibit two punishments when someone in Henderson's position is convicted of both Attempted Murder and First-Degree Assault, but that did not occur in this case.

The jury obviously understood the instructions and saw the two charges were related to the same actions. They convicted Henderson of only one of these two offenses. There was no Double Jeopardy violation. This argument was not clearly stronger than those raised on the direct appeal. Smith was not ineffective for not raising this argument on appeal.

The next complaint focuses on the "combination" instruction for the First-Degree Assault charge. A First-Degree Assault may be based on intentional conduct or wanton behavior.[7] In cases where a jury may conclude a defendant's state of mind could be either intentional or wanton, the jury instruction may allow each juror to base his or her decision on the defendant's intentional or wanton state of mind. This does not present a unanimous verdict violation. *Gribbins v. Commonwealth*, 483 S.W.3d 370, 376 (Ky. 2016).

Accepting this initial premise, Henderson must show there is insufficient evidence of one of the two options. But the trial testimony and other evidence clearly supported both theories. Henderson said he panicked when he realized Alice had a knife, which may have been the sharp dangerous instrument Henderson used to injure Alice. The location, nature, and number of the wounds could have supported an intention to cause serious physical injury or a wantonness in that same regard.

There was no unanimous verdict error. Even if no evidence of one of the two state of mind options had been established, which is not the case here, Henderson must still show a reasonable possibility that some member of the jury relied on the erroneously included theory. *Malone v. Commonwealth*, 364 S.W.3d 121, 130-32 (Ky. 2012). Again, this argument is not clearly stronger than those

---

[7] KRS 508.010(1)(a), (b).

raised on the appeal. Smith was not ineffective for not raising this argument on the direct appeal.

Finally, Henderson contends he should have been granted a directed verdict because the evidence did not support a finding of a serious physical injury to Alice. Henderson cites *Anderson v. Commonwealth*, 352 S.W.3d 577 (Ky. 2011). A proper analysis of *Anderson* and other cases on the subject shows why this last argument by Henderson has no merit.

In *Anderson*, the victim of the assault had a single small cut along his jawline. *Id.* at 581. He received some stitches and was sent home from the hospital. *Id.* at 582. At the time of Henderson's trial, serious physical injury was defined: "means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ." KRS 500.080(15).[8]

Alice did not have just one small cut closed by a few stiches. Alice had a substantial loss of blood. Surgeries were required due to the several cuts she received all over her body. Alice had casts applied to her arms. She underwent occupational therapy. At the time of the trial, years later, Alice still had pain and

---

[8] KRS 500.080(18) now provides an expanded list of injuries meeting this definition, including for example any injury requiring surgery. KRS 500.080(18)(n).

limitations due to injuries suffered in the attack. The scars from the attack were still visible. Alice suffered a serious physical injury. *See Brooks v. Commonwealth*, 114 S.W.3d 818 (Ky. 2003).

Given the standard for a directed verdict, it would have been clearly erroneous for the circuit court to have granted a directed verdict in Henderson's favor based on a lack of a serious physical injury. *See Commonwealth v. Benham*, 816 S.W.2d 186 (Ky. 1991) (standard for lack of evidence required to grant a directed verdict). Once again, this new argument is not clearly stronger than those made in the initial appeal. Smith did not provide ineffective assistance of counsel. Finding no individual error for Henderson's three claims, simple math requires the conclusion that there can be no cumulative error. *McQueen*, *supra*, at 701.

## CONCLUSION

The Jefferson Circuit Court correctly determined that Henderson's appellate counsel did not provide ineffective representation. It then becomes unnecessary to comment at length on the separate requirement of showing prejudice. With the overwhelming evidence against Henderson, he could not have shown prejudice arising from any one or combination of the issues raised in his RCr 11.42 motion. The Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jacquelyn Jaye Bryant-Hays
Kara Stinson Lewis
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky