RENDERED: MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1287-MR

DEIONTA L. HAYES                                        APPELLANT

v.          APPEAL FROM FAYETTE CIRCUIT COURT
            HONORABLE THOMAS L. TRAVIS, JUDGE
            ACTION NO. 12-CR-00628-001

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND TAYLOR, JUDGES.

JONES, A., JUDGE: Deionta L. Hayes appeals from the Fayette Circuit Court's

order denying the motion to vacate his sentence pursuant to RCr[1] 11.42. Following

our review of the record and the law, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

# I. BACKGROUND

A full history of the incident in this case may be found in the Kentucky Supreme Court's unpublished opinion stemming from Hayes's direct appeal.[2] Briefly stated, on March 17, 2012, Hayes attended a gathering in a Lexington apartment with a number of acquaintances. At some point during the party, one of the attendees, Koree Smith, "picked up a handgun that was sitting in front of him on a coffee table, said, 'Fuck this,' and put the gun in his waistband." *Hayes I*, 2017 WL 639387, at *3. In response, Hayes, who was carrying his own firearm, "moved hurriedly toward Smith[,] . . . put his arm on Smith's chest, told him not to move, and then shot Smith in the shoulder." *Id.* In the aftermath of that initial shooting, Hayes shot several other people at the party, one of whom died.

At his trial, Hayes's counsel admitted in his opening statement that Hayes had shot the individuals at the party, but he contended Hayes had acted in self-defense. Hayes elected not to testify. At the conclusion of the trial, the jury convicted Hayes of two counts of second-degree assault, one count of theft of a firearm, and one count of murder. The jury recommended a total sentence of thirty-five years' imprisonment, and the trial court sentenced Hayes in accord with

---

[2] *Hayes v. Commonwealth*, No. 2015-SC-000501-MR, 2017 WL 639387 (Ky. Feb. 16, 2017) (*Hayes I*).

the recommendation. The Kentucky Supreme Court affirmed Hayes's conviction and sentence on direct appeal. *Id*. at *6.

Following his direct appeal, Hayes filed a motion to vacate his sentence pursuant to RCr 11.42, arguing his trial counsel was ineffective for failing to offer a defense of extreme emotional disturbance (EED). The trial court denied Hayes's motion without an evidentiary hearing. We affirmed the trial court in an unpublished opinion.[3] However, on April 20, 2021, the Kentucky Supreme Court vacated the opinion of the Court of Appeals and ordered the trial court to conduct an evidentiary hearing on Hayes's issues pursuant to *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001).

During the evidentiary hearing, the trial court heard testimony from two of Hayes's trial attorneys. The first attorney to testify did not offer much information, as he was brought on as co-counsel and did not formulate strategy. Co-counsel was aware, however, that the chosen strategy in this case was self-defense. He described his role as that of investigation of mitigating information and preparing witnesses. On cross-examination, co-counsel acknowledged being aware that Hayes was on probation at the time for a robbery and a gun charge.

The only other person to testify during the evidentiary hearing was Hayes's lead counsel. He confirmed that he was responsible for trial strategy in

---

[3] *Hayes v. Commonwealth*, No. 2018-CA-001388-MR, 2020 WL 4512673 (Ky. App. Jul. 2, 2020) (*Hayes II*).

this case. Due to the amount of time that had passed, he could not recall exactly why he elected to pursue a self-defense strategy and not EED: "I don't have a specific recollection years later. I know we felt comfortable with our defense at the time because there were allegations of other individuals with firearms at the scene." He stated that he viewed the evidence as presenting a particular narrative, in which there were firearms directed at Hayes and his friends, and Hayes was entitled to produce his firearm and act in the manner he did. In his words, "a gun was pulled, so another gun was pulled in response. . . . A number of people [were] present there who did not like each other." Trial counsel acknowledged in hindsight that the jury did not agree with this view of the narrative. He also stated that he was aware that self-defense and EED are not mutually exclusive defenses, but he may have had tunnel vision about presenting the case as one of self-defense. He felt the case for self-defense was a strong one, but he also wondered if, in retrospect, they should have "gone further." After hearing the testimony and the arguments of counsel, the trial court once again denied Hayes's RCr 11.42 motion. This appeal followed.

## II. ANALYSIS

A successful petition for relief under RCr 11.42 based on ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires as follows:

> Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064).

Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This is a very difficult standard to meet. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).

In his sole issue on appeal, Hayes contends the trial court erroneously denied his RCr 11.42 motion on grounds his trial counsel was ineffective for failing to present an EED defense. As support, Hayes points out that counsel knew

that he grew up in housing projects surrounded by violence, and counsel was aware of a prior incident in which Hayes was standing next to a friend at another dice game when this friend was shot and killed. Additionally, Hayes points to a memorandum from his psychological expert, Dr. John Fabian, which stated, "When considering the forensic issues in this case, there are concerns of extreme emotional disturbance at the time of the alleged offenses due to his history of PTSD and neuropsychological impairments and evidence of cerebral brain dysfunction especially in light of his exposure to violence." (Record (R.) at 619.)

In addition to the allegation of deficient performance by counsel, Hayes also argues the failure to present an EED defense amounted to prejudice, contending the presentation of such a defense would have likely resulted in him receiving a lesser sentence. As the trial court's order itself stated, "[a] successful EED plea will mitigate a murder charge to first-degree manslaughter." (R. at 920, citing *Greene v. Commonwealth*, 197 S.W.3d 76, 80 (Ky. 2006)). Because first-degree manslaughter is a lesser offense, Hayes asserts that, had his trial counsel presented the EED defense, he "would have faced 10-20 years rather than life in prison for the murder charge."[4] (Appellant's Brief at 16.)

---

[4] Kentucky Revised Statute (KRS) 507.030 defines first-degree manslaughter as a Class B felony. Class B felonies are subject to a prison term of "not less than ten (10) years nor more than twenty (20) years[.]" KRS 532.060(2)(b).

"EED is essentially a restructuring of the old common law concept of 'heat of passion[.]'" *Greene*, 197 S.W.3d at 81. However, as *Greene* points out, the evidence necessary to prove EED differs from the common law concept. "There must be evidence that the defendant suffered 'a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from [an] impelling force of the extreme emotional disturbance rather than from evil or malicious purposes.'" *Id.* (quoting *McClellan v. Commonwealth*, 715 S.W.2d 464, 468-69 (Ky. 1986)). An EED defense also requires evidence of "a 'triggering event,' which triggers an explosion of violence on the part of the defendant at the time he committed the offense." *Baze v. Commonwealth*, 965 S.W.2d 817, 823 (Ky. 1997) (citations omitted).

In its order denying Hayes's motion, the trial court found that Hayes's counsel "was not ineffective for failing to present an EED defense under *Strickland*'s two-part test." (R. at 923.) Although "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[,]" *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066, the trial court correctly recognized that "[d]eficiency occurs whenever counsel makes a strategic decision that is objectively unreasonable." (R. at 923.) Nonetheless, the trial court ruled that it was not unreasonable for trial counsel to not present an EED defense. The trial court reasoned as follows:

> The defense counsel was [*sic*] very [thorough] in their investigation; they consulted experts and explored multiple defense strategies. Self-defense was a viable argument available from the evidence, and if successful, would have yielded the most favorable results to the defense. While it is true that the two defenses are not mutually exclusive to one another, this does not imply that they must both be argued. There is a myriad of potential reasons that a defense counsel may decline to pursue one theory, or another based on their assessment of the facts at hand.

(R. at 924.) Hayes argues that the trial court erroneously determined that trial counsel considered EED and rejected it as a strategic matter.

From our review of the evidentiary hearing, there is some merit to both arguments. Hayes is correct that his lead counsel did not *explicitly* testify that he rejected EED as a strategic decision. However, Hayes is incorrect in insisting that lead counsel's failure to pursue EED must result from deficient performance, when the testimony at the evidentiary hearing was simply that he could not remember what his thought process was at the time. By way of comparison, the trial court's reasoning on this point appears to be based on what lead counsel *did* remember, which is that self-defense appeared to be a very strong strategy based on the facts of the case, a strategy with which they "were very comfortable."

Despite the trial court's slight misstatement of the elicited testimony, Hayes has failed to carry the movant's burden under RCr 11.42: "[T]he defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy. . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Although lead counsel's testimony was imperfect, his recollection on the perceived strength of the self-defense narrative allowed the trial court's inference that counsel's focus on self-defense, to the exclusion of EED, was reasonable.

Hayes's lead counsel admitted that, in retrospect, "maybe we should have gone further" in considering other defenses aside from self-defense. However, as the trial court correctly points out, we may not second-guess counsel's performance at trial based on hindsight. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. "A defendant is not guaranteed errorless counsel, or counsel adjudged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *McQueen v. Commonwealth*, 949 S.W.2d 70, 71 (Ky. 1997).

As a final matter regarding counsel's performance, the Commonwealth astutely points out that Hayes fails to specifically identify what evidence would have sufficed for an EED defense at trial. In his appellate brief,

Hayes points to his troubled upbringing surrounded by violence. However, "evidence of duress or gradual victimization by the environment" are not sufficient for an EED defense without proof of a triggering event. *Baze*, 965 S.W.2d at 823 (citing *Thompson v. Commonwealth*, 862 S.W.2d 871 (Ky. 1993); *Foster v. Commonwealth*, 827 S.W.2d 670 (Ky. 1991)). Likewise, "evidence of mental illness" or "evidence that the defendant was 'uneasy' or 'upset'" do not suffice to prove EED. *Id.*

The most substantial piece of evidence that Hayes identifies in support of his motion is the memorandum of his expert, Dr. Fabian, in which the doctor specifically expresses concerns about "extreme emotional disturbance" relating to Hayes's conduct at the time of the incident. (Appellant's Brief at 2.) However, the Kentucky Supreme Court has held a defendant's expert may be precluded from testifying regarding a "triggering event" of EED when there is "no independent evidence of [its] existence[.]" *Sanborn v. Commonwealth*, 892 S.W.2d 542, 551 (Ky. 1994); *see also Talbott v. Commonwealth*, 968 S.W.2d 76, 85 (Ky. 1998) ("Where the defendant does not testify and there is no other factual basis to support a defense of extreme emotional disturbance, that defense cannot be bootstrapped into the evidence by an expert opinion premised primarily on out-of-court information furnished by the defendant."). It is also worth noting that the Commonwealth asserts it was prepared to rebut the introduction of Dr. Fabian's

testimony with its own experts from the Kentucky Correctional Psychiatric Center, who were willing to testify how "Hayes is a sociopath with a history of angry outbursts." (Commonwealth's Brief at 17.)

"The trial court must instruct the jury upon every theory reasonably supported by the evidence." *Melton v. Cross*, 580 S.W.3d 510, 514 (Ky. 2019). Here, however, Hayes has not identified sufficient evidence upon which his trial counsel could have supported an EED defense, even if counsel had been willing to do so. For these reasons, we cannot consider Hayes's trial counsel deficient based on a perceived failure to invoke EED as an additional defense alongside his self-defense strategy at trial.

Because a movant must meet both prongs of *Strickland* before relief pursuant to RCr 11.42 may be granted, *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, an analysis of the prejudice prong is not necessary at this time. In sum, "[c]ounsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *Brown v. Commonwealth*, 253 S.W.3d 490, 499 (Ky. 2008) (citations omitted). Hayes has not convincingly demonstrated how an EED defense might have been attempted with the evidence available, nor that such a defense would have been any more successful than the self-defense theory propounded at trial.

## III. CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's order denying relief pursuant to RCr 11.42.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

James Havey
Assistant Solicitor General
Frankfort, Kentucky