RENDERED:  DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1282-MR

SAMUEL D. HUNTER                                  APPELLANT


APPEAL FROM MCCRACKEN CIRCUIT COURT
v.              HONORABLE JOSEPH ROARK, JUDGE
ACTION NO. 16-CR-00411


COMMONWEALTH OF KENTUCKY                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, A. JONES, AND LAMBERT, JUDGES.

JONES, A., JUDGE:  Samuel Hunter appeals from the McCracken Circuit Court's

order denying his motion to vacate his sentence pursuant to RCr[1] 11.42 following

---

[1]  Kentucky Rules of Criminal Procedure.

his conviction for first-degree rape of a child under twelve years of age.[2]  Having

reviewed the record and the law, we affirm.

## I. BACKGROUND

A complete recitation of the facts of this case may be found in the

Kentucky Supreme Court's unpublished opinion stemming from Hunter's direct

appeal:

> In 2016, seven-year-old Stacy[3] lived with her father, stepmother, and grandmother.  After school on Friday, May 27, 2016, Stacy went to stay with her biological mother for the weekend.  Hunter lived in the same trailer as Stacy's biological mother and the mother's live-in boyfriend.  Stacy came home early from the visit on Saturday.  Stacy subsequently began complaining of itching and burning with urination.  Her step-mother examined her and noticed Stacy's underwear was caked with mucus.  Her step-mother collected the underwear, placed them in a zippered plastic bag, and stored them in the refrigerator.
>
> On Thursday, June 2, 2016, Stacy went to the Pediatric Group of Paducah for an office visit where vaginal discharge and a rash were observed, and her mucus-caked underwear was presented for medical professionals to see.  Lab testing was ordered, and on June 6, 2016, Stacy was diagnosed with gonorrhea.  After Stacy told her pediatrician, Dr. Elizabeth McGregor, someone had touched her private area and identified the perpetrator as Hunter, the doctor contacted social

---

[2]  Kentucky Revised Statutes (KRS) 510.040, a Class A felony.

[3]  As the Kentucky Supreme Court stated in its opinion, "Stacy is a pseudonym used in place of the victim's actual name to protect her privacy." *Hunter v. Commonwealth*, No. 2019-SC-000165-MR, 2020 WL 5103864, at *1 n.2 (Ky. Aug. 20, 2020).  This Opinion follows the Supreme Court's example and uses "Stacy" as the pseudonym for the child victim in this case.

services who in turn sought police intervention. Topical creams were applied, and an injection of antibiotics was administered to treat Stacy's infection.

McCracken County Sheriff's Detective Sarah Martin spoke with Stacy, her father, and stepmother on June 6, 2016. Two days later, Stacy underwent a forensic interview at the Purchase Area Sexual Assault and Child Advocacy Center ("PASAC"). Stacy informed the interviewer what happened, where it happened, and who hurt her, claiming Hunter had hurt her "pee spot." Stacy was interviewed a second time at PASAC a couple of months later and provided the same information to the interviewer, including the name of her abuser as being Hunter. Testing on Stacy's underwear revealed the presence of DNA from a source other than Stacy, but an insufficient quantity existed to make any match. Presumptive human blood and saliva were also found during testing but again, no match could be made.

Detective Martin interviewed numerous individuals during her investigation. When questioned, Hunter denied any sexual contact with Stacy but admitted he saw the girl on the night the rape occurred. He speculated a former girlfriend was trying to frame him. Hunter consented to undergo a rape test kit. He subsequently tested positive for gonorrhea. Hunter was arrested and indicted for raping Stacy.

A three-day jury trial was convened on December 18, 2018. Evidence presented included the facts previously stated, albeit in significantly greater detail. Additional, conflicting evidence was likewise adduced. Pertinent to this appeal, Stacy's pediatrician and the forensic interviewer were permitted to testify Stacy spoke to them about the assault and provided them the name of the assailant; the trial court did not permit either witness to specify the individual Stacy identified. Hunter presented an alternative perpetrator defense, asserting a friend of the step-mother or a co-worker of the father had

committed the rape; he was prohibited from introducing copies of the uniform citation of a charge against one of the men or certified copies of the criminal conviction of either man. Hunter's motions for directed verdict, wherein he asserted the Commonwealth had presented insufficient evidence of penetration, were denied. The jury returned a guilty verdict and recommended a sentence of life imprisonment.

*Hunter v. Commonwealth*, No. 2019-SC-000165-MR, 2020 WL 5103864, at *1-2 (Ky. Aug. 20, 2020) (hereinafter *Hunter I*). Following its review, the Kentucky Supreme Court affirmed Hunter's conviction and sentence. *Id*. at *5.

On January 5, 2023, Hunter moved to vacate his sentence pursuant to RCr 11.42, arguing he suffered numerous instances of ineffective assistance by his trial and appellate counsel. After receiving the Commonwealth's response, the trial court entered an order denying Hunter's RCr 11.42 motion without an evidentiary hearing. This appeal followed.

## II. ANALYSIS

A successful petition for relief under RCr 11.42 based on ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires as follows:

Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the

-4-

> "counsel" guaranteed the defendant by the Sixth
> Amendment, or that counsel's representation fell below
> an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064).

Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This is a very difficult standard to meet. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).

Hunter presents three issues on appeal. First, he contends the trial court erroneously denied him an evidentiary hearing on his allegations that trial counsel failed to conduct adequate investigation and preparation on several issues in his case. Second, Hunter argues he suffered ineffective assistance when his trial counsel failed to object to prosecutorial misconduct during the trial. Third, Hunter contends he suffered ineffective assistance of appellate counsel (IAAC) when his

appellate counsel chose an unpreserved argument regarding the directed verdict motion instead of the argument preserved by trial counsel. We discuss each argument in turn below.

In his first argument, Hunter contends the trial court erroneously denied him an evidentiary hearing regarding the investigation and preparation conducted by his trial counsel. This argument contains several specific subparts: (1) during the guilt phase, trial counsel inadequately investigated and prepared for his alternate perpetrator defense; (2) during the penalty phase, trial counsel failed to present mitigating evidence; and (3) trial counsel failed to move for a continuance to conduct necessary investigations into his alternate perpetrator defense and to find mitigating evidence.

A claim of ineffective assistance based on the reasonableness of trial counsel's preparation and investigation will frequently require an evidentiary hearing because trial counsel's actions in this regard do not ordinarily form part of the trial record. The Kentucky Supreme Court has ruled that the trial court must conduct an evidentiary hearing on an RCr 11.42 motion, "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted). However, the Supreme Court has also ruled that an evidentiary hearing is unnecessary when the movant cannot show

prejudice under the second prong of *Strickland*, reasoning that "[t]he *Strickland* test requires the movant to carry the burden of meeting both prongs in order to succeed with an ineffective assistance of counsel argument." *Commonwealth v. Searight*, 423 S.W.3d 226, 231 (Ky. 2014) (citations omitted). In short, when no prejudice is present, an evidentiary hearing on the reasonable effectiveness of trial counsel's strategy would be nugatory. *Id.*

For the first part of this argument, Hunter contends that he was entitled to an evidentiary hearing on the adequacy of his trial counsel's efforts regarding his alternate perpetrator defense. Hunter asserts his trial counsel could have done more "to develop the evidence related to the suggested alternate perpetrators, [failed] to subpoena these individuals, and [failed] to investigate other potential alternate perpetrators." (Appellant's Brief at 6.) However, the trial court did not err in denying an evidentiary hearing, as this issue is refuted by the record. The Kentucky Supreme Court's opinion on direct appeal shows that Hunter's trial counsel adequately pursued the alternate perpetrator theory, finding two alternate perpetrators, who happened to be sex offenders, in relative proximity to Stacy's family. *Hunter I*, 2020 WL 5103864, at *5. Ultimately, the Supreme Court determined that the trial court properly excluded evidence of the crimes committed by the two proposed alternate perpetrators, as the "convictions were more than twenty years old and no evidence of subsequent bad acts was offered." *Id.*

Hunter contends his trial counsel might have done *more* to further this alternate perpetrator defense, but such an argument is not sufficient to warrant an evidentiary hearing. "The issue on a claim of ineffective assistance is not whether additional assistance from DPA would have provided Appellant with a better defense, but whether trial counsel was functioning as 'counsel' guaranteed a defendant by the Sixth Amendment." *McQueen v. Commonwealth of Kentucky*, 949 S.W.2d 70, 71 (Ky. 1997) (citations omitted). Perfection is not required, and there is nothing to indicate that Hunter's trial counsel did not function as counsel on this issue. "A defendant is not guaranteed errorless counsel, or counsel adjudged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *Id*. Hunter's trial counsel cannot be found ineffective in hindsight merely because the alternate perpetrator theory, as presented, did not succeed. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Hunter also contends he was entitled to an evidentiary hearing because his trial counsel was ineffective based on a failure to present mitigating evidence during the penalty phase of his trial. Hunter asserts that trial counsel could have submitted evidence and witnesses regarding his background and mental health history, and that trial counsel should have been aware of these potential avenues from a review of Hunter's evaluation by the Kentucky Correctional Psychiatric Center (KCPC).

For its part, the Commonwealth contends Hunter's mitigation argument lacks specificity, in that Hunter fails to identify who might have called to testify regarding information in the KCPC report. The Commonwealth also contends that the evidence in the KCPC report is not inherently mitigating, as the report contained information about Hunter's substance abuse issues. (Commonwealth's Brief at 13.) Furthermore, in an intriguing argument, the Commonwealth contends that presenting this type of mitigation evidence would have contradicted the alternate perpetrator defense he presented during the guilt phase of his trial, citing *Fields v. Jordan*, 86 F.4th 218 (6th Cir. 2023):

> Fields identifies no Supreme Court precedent holding that counsel acts unreasonably by omitting known mitigating evidence that could have conflicted with the decision to pursue a "lingering doubt" defense at the penalty phase. To the contrary, circuit decisions have credited this residual-doubt theory. And much of the testimony from Drs. Schilling and Adams would have sought to 'justify[] the crime' rather than support the theory that Fields did not do it. As counsel explained, this testimony could have harmed a residual-doubt defense. The jurors might have looked unfavorably on the contradictory penalty-phase claim that "I'm innocent, but oh, now, let me tell you why I did it."

*Id*. at 246-47 (citations omitted). Finally, the Commonwealth argues that Hunter cannot satisfy the prejudice prong of the *Strickland* test because the putative mitigation evidence is greatly outweighed by the aggravating evidence in this case.

It is a close question as to whether Hunter should be granted relief in the form of an evidentiary hearing on this issue. An evidentiary hearing is frequently necessary "to determine whether the failure to introduce mitigating evidence was trial strategy, or 'an abdication of advocacy.'" *Hodge v. Commonwealth*, 68 S.W.3d 338 (Ky. 2001) (quoting *Austin v. Bell*, 126 F.3d 843, 849 (6th Cir. 1997)). Under the facts of this case, however, we are inclined to agree with the Commonwealth that the purported mitigation evidence cannot overcome the impact of the aggravating evidence. At the end of the guilt phase of the trial, the jury concluded that Hunter was guilty of raping a seven-year-old child and inflicting a sexually transmitted disease in the process. The jury heard from the child that Hunter hurt her "pee spot." *Hunter I*, 2020 WL 5103864, at *1. Finally, the Commonwealth presented evidence during the penalty phase that Hunter had prior convictions in Alabama for child abuse and manslaughter.

The aggravating evidence against Hunter is significant enough that *Searight*, 423 S.W.3d 226, is instructive. In *Searight*, the Kentucky Supreme Court determined that the trial court did not err in denying an evidentiary hearing regarding trial counsel's purported failure to call mitigation witnesses. Searight's jury convicted him for first-degree possession, first-degree fleeing and evading police, and being a first-degree persistent felony offender (PFO). *Id*. at 229. In his RCr 11.42 motion, Searight argued his trial counsel should have presented

-10-

mitigation evidence pleading for leniency based on his issues with drug addiction. *Id*. at 233. The Supreme Court noted that, at the time of the offenses, Searight had an "extensive criminal history[,] . . . had been paroled four months before his arrest and was, in fact, still on parole at the time of his arrest." *Id*. The Kentucky Supreme Court ultimately found that "the record compels a finding that Searight was not prejudiced by the alleged error in failing to present mitigation evidence because even if true, the proffered testimony would not have undermined confidence in his sentence." *Id*. at 234.

The aggravating factors in this case are even more compelling than *Searight* in outweighing the mitigating evidence which Hunter argues his trial counsel should have provided. Even if trial counsel had made Hunter's mental health history available as mitigation, such testimony would have been easily countered by the nature of this offense and the offenses for which Hunter was previously convicted in Alabama. It is our opinion that trial counsel's failure to offer the proffered mitigation evidence does not undermine confidence in the jury's sentence. Accordingly, pursuant to *Searight*, we discern no error in denying a nugatory evidentiary hearing when the prejudice prong of *Strickland* could not be overcome. *Id*. at 231.

Hunter's final subordinate argument under his first issue is that the trial court erroneously denied him an evidentiary hearing based on assertions that

his trial counsel should have moved for a continuance. According to Hunter, a continuance would have allowed trial counsel to further develop his alternate perpetrator defense and his mitigation evidence. Hunter's argument is conclusory, in that it presumes that the trial court would have granted the continuance and that the indeterminate results from granting such a continuance would have altered the result of the trial. An appellant's assertion of "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Williams v. Commonwealth*, 336 S.W.3d 42, 50 (Ky. 2011) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977)). The trial court did not err in denying relief on this basis.

In Hunter's second overarching argument, he asserts his trial counsel was ineffective for failing to object to prosecutorial misconduct during the trial. According to Hunter, one of the flaws in the prosecution's case during trial was testimony that the incubation period for gonorrhea is longer than two days; he argues this incubation period did not align with the Commonwealth's timeline regarding the attack on Stacy and her subsequent symptoms from the disease. Hunter contends the Commonwealth tried to address this indication of reasonable doubt during closing argument by arguing that Hunter may have sexually assaulted Stacy before the weekend referenced in the indictment. Hunter extends this argument by asserting that the Commonwealth's improper comments violated his

right to a unanimous verdict, as some jurors may have found him guilty of victimizing Stacy on prior weekends not specified in the indictment.

The Commonwealth correctly points out that the Kentucky Supreme Court has already held there was nothing improper in the Commonwealth's closing argument commenting on the incubation period of gonorrhea:

> "[O]pening and closing arguments are not evidence and prosecutors have a wide latitude during both. 'A prosecutor may comment on tactics, may comment on evidence, and may comment as to the falsity of the defense position.'" *Stopher* [*v. Commonwealth*, 57 S.W.3d 787, 805-06 (Ky. 2001)], (quoting *Slaughter* [*v. Commonwealth*, 744 S.W.2d 407, 412 (Ky. 1987)]. The Commonwealth's closing statement included no misconduct because the challenged comment represented a legitimate inference drawn from the evidence. The overall fairness of the trial cannot reasonably be said to have been undermined by the prosecutor's statement.

*Hunter I*, 2020 WL 5103864, at *5. The Kentucky Supreme Court's ruling in *Hunter I* serves as the law of the case for this issue on the RCr 11.42 motion. "[O]n remand from a higher court a lower court must obey and give effect to the higher court's express or necessarily implied holdings and instructions." *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010) (citations omitted). Because the Supreme Court determined there was no misconduct in the Commonwealth's closing argument, Hunter's trial counsel cannot be said to have given deficient performance by failing to object. "An attorney cannot be ineffective for failing to raise a non-meritorious claim." *Williams v. Commonwealth*, 336 S.W.3d 42, 47

(Ky. 2011). The trial court did not err when it denied RCr 11.42 relief on this issue.

In Hunter's third and final issue on appeal, he contends his appellate counsel gave ineffective assistance by choosing an unpreserved argument regarding the directed verdict motion instead of the argument preserved by trial counsel. Trial counsel's motion for a directed verdict asserted that the Commonwealth had failed to provide sufficient evidence of penetration for the rape charge. *Hunter I*, 2020 WL 5103864, at *2. On appeal, however, Hunter's appellate counsel abandoned the penetration argument and instead chose to argue that Hunter "was entitled to a directed verdict based on the incubation period for gonorrhea." *Hunter I*, 2020 WL 5103864, at *5 (Lambert, J., concurring). In her concurrence, now-Chief Justice Lambert pointed out that the preserved argument regarding penetration was a better argument than the one now posed by appellate counsel. *Id.*

Based on the grounds cited by Chief Justice Lambert, Hunter now argues that his appellate counsel provided ineffective assistance pursuant to *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010):

> To succeed on [an ineffective assistance of appellate counsel] claim, the defendant must establish that counsel's performance was deficient, overcoming a strong presumption that appellate counsel's choice of issues to present to the appellate court was a reasonable exercise of appellate strategy. . . . [O]nly when ignored

issues are clearly stronger than those presented, will the presumption of effective assistance be overcome.

*Id*. at 436 (internal quotation marks and citations omitted). Even if there is a successful demonstration of deficient performance by appellate counsel, the movant must still succeed in showing prejudice, *i.e.* "that absent counsel's deficient performance there is a reasonable probability that the appeal would have succeeded." *Id*. at 437 (citation omitted).

The Commonwealth correctly contends that Hunter cannot demonstrate prejudice on this issue. The long-established standard of review for a directed verdict motion is as follows:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purposes of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). "So long as the Commonwealth produces more than a mere scintilla of evidence to support the charges, a defendant's motion for directed verdict should be denied." *Riggle v. Commonwealth*, 686 S.W.3d 105, 117 (Ky. 2023) (quoting *Taylor v. Commonwealth*, 617 S.W.3d 321, 324 (Ky. 2020)).

-15-

Based on these principles, for Hunter's appellate counsel to have been ineffective to the point of prejudice, Hunter must show that the penetration argument omitted by appellate counsel had a reasonable probability of success on appeal. In *Hunter I*, the Kentucky Supreme Court succinctly analyzed the state of the evidence faced by the trial court during the directed verdict motion:

> The trial court utilized the appropriate standard in ruling on Hunter's motions for directed verdict and analyzed the evidence in the light most favorable to the Commonwealth. Hunter and Stacy were present in the same mobile home on the weekend of May 27, 2016; Stacy's mother's live-in boyfriend testified he was awakened on the night of May 27 by a child's scream and her mother told him the next day someone had "touched" Stacy; Stacy and Hunter both tested positive for gonorrhea, a disease which testimony revealed can only be transmitted by secretions during sexual contact; and Stacy named Hunter as her assailant who "hurt her pee spot." *Based on these facts alone, a reasonable juror could conclude Hunter was guilty of the rape*.

*Hunter I*, 2020 WL 5103864, at *3 (emphasis added). Viewing the evidence as summarized by the Supreme Court, the Commonwealth successfully presented more than a scintilla of evidence to defeat a directed verdict motion at trial under *Benham*. As a result, even if we accept Hunter's argument that he suffered deficient performance by appellate counsel, the record reflects that he suffered no prejudice as a result of his appellate counsel's choice of arguments on this issue.

-16-

### III. Conclusion

For the foregoing reasons, we affirm the McCracken Circuit Court's order denying relief under RCr 11.42.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Elias Kang-Bartlett
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky